## The Employers' Liability Assurance Corporation, Limited, of London, England, Appellee, v. Kelly-Atkinson Construction Company, Appellant.

### Gen. No. 17,965.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed October 14, 1913.

## Statement of the Case.

Action by The Employers' Liability Assurance Corporation, Limited, of London, England, against Kelly-Atkinson Construction Company, a corporation, for premiums and interest thereon claimed by plaintiff under certain policies for casualty insurance indemnifying defendant against loss from certain liability to its employes or the public. From a judgment for $38,365.36, defendant appeals.

Appellant urges (1) that the policies are champertous and void; (2) that all except two of them are ambiguous and without consideration as to premiums

not paid; (3) that as to most of the policies, appellee, by failure to object to pay-rolls furnished by appellant in order to fix the premium, is by its lack of diligence now estopped from objecting thereto; (4) that the statute of limitations had run; and (5) that the court erred in taking the case from the jury and directing a verdict for the plaintiff.

ZANE, MORSE, MCKINNEY, MCILVAINE, BUSBY & WEBER and BASTRUP & O'NEILL, for appellant.

WINSTON, PAYNE, STRAWN & SHAW, for appellee; EDWARD W. EVERETT and J. SIDNEY CONDIT, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. CHAMPERTY, § 4*—*when provisions of indemnity insurance policy not.* Provisions of a policy of indemnity insurance giving the insurer the option of defending against claims for damages covered by the policy and providing that the insured shall not settle any claim, except at his own cost, nor incur any expense, nor interfere in any negotiations for settlements or in legal proceedings without the written consent of the insurer, are not champertous.

2. INSURANCE, § 120*—*when ambiguity as to provisions concerning premiums cannot be asserted.* Where a policy of employers' indemnity insurance provides that in case the pay roll during the term shall exceed or be less than the amount as estimated at the time of the application the proportionate sum shall be paid by the insured as an additional premium or refunded to him as the case may be, the insured, after adopting the construction placed upon the policy by the insurer, when adjustments were made, submitting statements of what purported to be the total wages and either paying the additional premiums or receiving rebates called for, cannot assert that the contract is uncertain and ambiguous.

3. INSURANCE, § 156*—*estoppel to claim additional premiums.* Where the premiums under a policy of employers' liability insurance are to be determined by the amount of the insured's pay roll, the insurer is not estopped by settlements made on the basis of pay rolls submitted by the insured, where it was not put upon notice

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

that the statements therein were not truthful and that insured was not acting in good faith.

4. FRAUDS, STATUTE OF, § 68*—*what contracts are in writing.* A policy of indemnity insurance which plainly indicates the parties and their obligations and is complete without resort to parol evidence is to be regarded as a contract in writing, though not signed by the insured, where the insured accepted it and assented to and acted on its terms.

5. TRIAL, § 199*—*when directed verdict unauthorized.* Where, in an action for premiums on an employer's liability insurance policy, an issue of fact arises as to the amount of wages, on which the premium is based, and a witness for plaintiff, defendant's former bookkeeper, testified from private memoranda of the pay rolls kept by him as to such amount, and a witness for defendant, who reported the pay rolls from which the premiums were computed, testified they were correct, a verdict is improperly directed for plaintiff.